**Opinion issued July 16, 2013**



**In The**

# Court of Appeals
**For The**
# First District of Texas

—————————

**NO. 01-12-00494-CV**

—————————

**BENNETTE L. WARREN AND ALLEN T. WARREN, Appellants**

**V.**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1008503**

---

## MEMORANDUM OPINION

Appellee, Federal National Mortgage Association, moves to dismiss the appeal for want of prosecution because appellants, Bennette L. Warren and Allen T. Warren, have not filed a clerk's record. We grant the motion and dismiss the appeal.

Texas Rule of Appellate Procedure 37.3(b) provides that if the trial court clerk fails to file the clerk's record because the appellant has failed to pay or make arrangements to pay the clerk's fee for preparing the record, the appellate court may, either on a party's motion or its own initiative, dismiss the appeal for want of prosecution unless the appellant was entitled to proceed without payment of costs. *See* TEX. R. APP. P. 37.3(b). The appellate court must give the appellant a reasonable opportunity to cure. *Id.*

The complete clerk's record was due on July 11, 2012.[1] The trial court clerk has informed the Court that appellants have not paid the clerk's fee for preparing the record. *See* TEX. R. APP. P. 35.3(a)(2). The trial court held that appellants have not established indigence for costs on appeal. *See* TEX. R. APP. P. 20.1 (listing requirements for establishing indigence). On November 20, 2012, appellee moved to dismiss the appeal because appellants had not filed a clerk's record. *See* TEX. R. APP. P. 37.3(b). Appellants did not respond to the motion to dismiss the appeal and have not filed a clerk's record. *See id.*

---

[1] Only a partial clerk's record on indigence has been filed.

We grant appellee's motion and dismiss the appeal for want of prosecution.

*See id.* We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Higley, and Bland.